1 **KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
2 ak@kazlg.com
Matthew M. Loker, Esq. (SBN 279939)
3 ml@kazlg.com
2700 N. Main Street, Ste. 1000
4 Santa Ana, California 92705
Telephone: (800) 400-6808
5 Facsimile: (800) 520-5523
6
**HYDE & SWIGART**
7 Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
8 411 Camino Del Rio South, Suite 301
San Diego, CA 92108
9 Telephone: (619) 233-7770
10 Facsimile: (619) 297-1022
11
*Attorneys for Plaintiffs,*
12
13                UNITED STATES DISTRICT COURT
14              SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMCHAL AZODI; IGNACIO BARRAGAN; NADINE DAHDAH; KENT GLITZ; HANINA HOFFMAN; EMILY JOHNSON; SAMUEL SANTOS; BRIAN SOASH; AND, KIP WILLIAMS,<br><br>Plaintiffs,<br><br>v.<br><br>TEPL, INC. DBA MC ADMINISTRATORS,<br><br>Defendant. | Case No.: **'12CV3069 IEG   BGS**<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I. **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT CAL. CIV. CODE §§ 1788-1788.32; AND,**<br><br>II. **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692-1692(P)**<br><br>**JURY TRIAL DEMANDED** |

25 ///
26 ///
27 ///
28 ///

**COMPLAINT FOR DAMAGES**                                     PAGE 1 OF 7

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. PAMCHAL AZODI; IGNACIO BARRAGAN; NADINE DAHDAH; KENT GLITZ; HANINA HOFFMAN; EMILY JOHNSON; SAMUEL SANTOS; BRIAN SOASH; AND, KIP WILLIAMS ("Plaintiffs"), by Plaintiffs' attorneys, brings this action to challenge the actions of TEPL, INC. DBA MC ADMINISTRATORS ("Defendant") with regard to attempts by Defendant, debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiffs, and this conduct caused Plaintiffs damages.

4. Plaintiffs make these allegations on information and belief, with the exception of those allegations that pertain to Plaintiffs, or to Plaintiffs' counsel, which Plaintiffs allege on personal knowledge.

5. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6. Unless otherwise stated, Plaintiffs allege that any violations by Defendants were knowing and intentional, and that Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of any Defendants' name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendants named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k.

9. This action arises out of Defendant's violations of (i) the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA"); and, (ii) the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692(p) ("FDCPA").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. The allegations herein are plead based upon good and fair notion and belief unless otherwise stated.

12. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

13. Plaintiffs are natural people who reside in the State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiffs, and are "debtors" as that term is defined by California Civil Code § 1788.2(h). In addition, Plaintiffs are "consumers" as that term is defined by 15 U.S.C. § 1692a(3).

14. Plaintiffs are informed and believe, and thereon allege, that Defendant is a company operating from the State of California.

15. Plaintiffs are informed and believe, and thereon allege, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c) and 15 U.S.C. §

KAZEROUNI LAW GROUP, APC
2700 N. Main Street, Suite 1000
Santa Ana, CA 92705

1692a(6).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

17. At all times relevant, Plaintiffs are individuals residing within the State of California.

18. Plaintiffs are informed and believe, and thereon allege, that at all times relevant, Defendant conducted business in the State of California in the County of San Diego.

19. In or about 2010, Plaintiffs allegedly incurred financial obligations to the original creditor, Kaiser Permanente, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

20. In 2010, Plaintiffs allegedly incurred financial obligations to the original creditor, Kaiser Permanente, that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f) and 15 U.S.C. § 1692a(6).

21. Sometime thereafter, Plaintiffs allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiffs currently take no position as to whether or not this alleged debt was actually owed.

22. Subsequently, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

23. On or about January 3, 2012, a different consumer requested that Defendant validate an alleged debt for that consumer.

24. In doing so, Defendant disclosed the personal information of hundreds of other consumers, including Plaintiffs, in an attempt to validate the original consumer's alleged debt.

25. Defendant's conduct in communicating Plaintiffs' personal information in connection with the collection of an alleged debt to an unauthorized third party constitutes a violation of 15 U.S.C. § 1692c(b), which is incorporated into the RFDCPA by Cal. Civ. Code § 1788.17. Through this conduct, Defendant also violated Cal. Civ. Code § 1788.17.

26. Moreover, Defendant's publication of the list of hundreds of consumers that allegedly owe alleged debts to Defendant constitutes violations of both 15 U.S.C. § 1692d(3) and Cal. Civ. Code § 1788.12(c).

27. Through this conduct, Defendant took actions against Plaintiffs concerning the alleged debt in violation of the statutes discussed above. Consequently, Defendant violated Cal. Civ. Code §§ 1788.12(c); and, 1788.17. In addition, Defendant violated 15 U.S.C. §§ 1692c(b); and, 1692d(3).

## CAUSES OF ACTION CLAIMED BY PLAINTIFFS

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)

[Against All Defendants]

28. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

30. As a result of each and every violation of the RFDCPA, Plaintiffs is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant individually.

///

///

///

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

[Against All Defendants]

31. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

33. As a result of each and every violation of the FDCPA, Plaintiffs is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs prays that judgment be entered against Defendants for:

- an award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;
- an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;
- an award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually.
- an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually; and,

///

- Any and all other relief that this Court deems just and proper.

Dated: December 28, 2012          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS

**TRIAL BY JURY**

34. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs is entitled to, and demands, a trial by jury.

Dated: December 28, 2012          Respectfully submitted,

**KAZEROUNI LAW GROUP, APC**

By: /s/ Abbas Kazerounian
ABBAS KAZEROUNIAN, ESQ.
ATTORNEY FOR PLAINTIFFS