1

2

3

4

5

6

7        **UNITED STATES DISTRICT COURT**

8        **SOUTHERN DISTRICT OF CALIFORNIA**

9

10   PAMCHAL AZODI; IGNACIO                    CASE NO. 12cv3069 - IEG (BGS)
     BARRAGAN; NADINE DAHDAH;
     KENT GLINTZ; HANINA                       **ORDER GRANTING**
11   HOFFMAN; EMILY JOHNSON;                   **DEFENDANT'S MOTION TO**
     SAMUEL SANTOS; BRIAN SOASH;               **DISMISS**
12   and KIP WILLIAMS,
                                               **[Doc. No. 9]**
13                          Plaintiffs,

14        v.

15   TEPL, INC., doing business as MC
     ADMINISTRATORS,
16
                            Defendant.
17

18

19

20        Presently before the Court is the motion of Defendant TEPL, Inc. doing

21   business as MC Administrators ("Defendant") to dismiss the Complaint of Plaintiffs

22   Pamchal Azodi, Ignacio Barragan, Nadine Dahdah, Kent Glintz, Hanina Hoffman,

23   Emily Johnson, Samuel Santos, Brian Soash, and Kip Williams (collectively

24   "Plaintiffs"). [Doc. No. 9.]  For the following reasons, the Court **GRANTS**

25   Defendant's motion to dismiss.

26                              **BACKGROUND**

27        Plaintiffs allege that they incurred a financial obligation to an original

28   creditor, Kaiser Permanente, in 2010.  [Doc. No. 1, Compl. ¶ 20.]  Without taking

     any position as to whether any debt was actually owed, Plaintiffs further assert that

this obligation was assigned or otherwise transferred to Defendant subsequently, after Plaintiffs fell behind on payments allegedly owed.  [Id. ¶¶ 21, 22.]  Plaintiffs further allege that on or about January 3, 2012, Defendant disclosed Plaintiffs' personal information to an unauthorized third party, along with the information of hundreds of other consumers who purportedly owe debts to Defendant.  [Id. ¶¶ 23-26.]  Based on these allegations, Plaintiffs assert that Defendant violated the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*  [Id. ¶¶ 28-30, 31-33.]

Plaintiffs filed the instant action in this Court on December 28, 2012 asserting two causes of action against Defendant.  Count I claims violation of the RFDCPA, and Count II claims violation of the FDCPA.  [Id.]  Plaintiffs assert federal question subject matter jurisdiction under 28 U.S.C. § 1331 on the basis of the FDCPA claim.  [Id. ¶ 8.]

Defendant subsequently filed the present motion to dismiss Plaintiffs' Complaint arguing failure to state a claim upon which relief can be granted for both the FDCPA and RFDCPA claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  [Doc. No. 9, Def's Mot. to Dismiss ("Def.'s Mot.") at 2.]  In their opposition brief, Plaintiffs conceded to the dismissal of the FDCPA claim and requested the Court remand the remaining RFDCPA state claim to State Court.  [Doc. No. 10, Pl.'s Opp. to Def.'s Mot. to Dismiss ("Pl.'s Opp.") at 6.]

## DISCUSSION

### I.     Plaintiff's FDCPA Claim

Because Plaintiffs concede to Defendant's motion to dismiss with regard to the FDCPA claim, the Court **GRANTS** Defendant's motion to dismiss this claim without prejudice.

/ / /

/ / /

## II.   Supplemental Jurisdiction over Remaining State Law Claim

Having dismissed the single federal claim, the Court now evaluates any remaining basis for subject matter jurisdiction over Count I, the state claim for violation of the RFDCPA.  Plaintiffs, in their opposition brief, concede that "this Court may no longer have jurisdiction" over the remaining claim.  [Doc. No. 10, Pl.'s Opp. at 6.]

Federal courts are courts of limited subject matter jurisdiction and as such "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted).  Lack of subject matter jurisdiction can be raised at any time by any party or *sua sponte* by the court.  Csibi v. Fustos, 670 F.2d 134, 136 n.3 (9th Cir. 1982).

With Plaintiffs' sole claim supplying original federal jurisdiction dismissed, only a state law claim remains.  A court's exercise of supplemental jurisdiction over a state law claim "after dismissing every claim over which it had original jurisdiction is purely discretionary."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009); accord Lacey v. Maricopa Cnty., 649 F.3d 1118, 1137 (9th Cir. 2011).  Per 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  Supreme Court precedent "makes clear that whether a court has subject-matter jurisdiction over a claim is distinct from whether a court chooses to exercise that jurisdiction."  Carlsbad Tech., Inc., 556 U.S. at 639 (citations omitted).

In exercising its discretion, the court may look to a host of factors, "including the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims."  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

1   In the usual case, where federal claims are dismissed before trial, "the balance of

2   factors . . . will point toward declining to exercise jurisdiction over the remaining

3   state law claims." Gini v. Las Vegas Metro. Police Dep't, 40 F.3d 1041, 1046 (9th

4   Cir. 1994) (internal quotation omitted); accord Religious Tech. Ctr. v. Wollersheim,

5   971 F.2d 364, 367-68 (9th Cir. 1992) (per curiam); Scholar v. Pacific Bell, 963 F.2d

6   264, 268 n.4 (9th Cir. 1992).

7          In this case, the sole claim over which the Court had original jurisdiction, the

8   FDCPA claim, has been dismissed.  Looking at the balance of factors—including

9   the fact that this case is still in its infancy and that the present motion is the only

10  motion that has been filed to date—the Court declines to exercise supplemental

11  jurisdiction over the remaining state law claim for violation of the RFDCPA.

12  **III.    Disposition of Remaining State Law Claim**

13         Plaintiffs request that the Court remand the RFDCPA claim to state court.

14  [Doc. No. 10, Pl.'s Opp. at 6.]  Defendant argues for dismissal of the remaining

15  state law claim either by declining to exercise supplemental jurisdiction or,

16  alternately, based on failure to state a claim.  [Doc. No. 11, Def.'s Reply Mem. at 2.]

17         The procedural process of remanding an action from federal district court to

18  state court is codified by 28 U.S.C. § 1447, entitled "[p]rocedure *after removal*

19  generally." 28 U.S.C. § 1447 (emphasis added).  Removal, per 28 U.S.C. § 1446, is

20  the process by which a case is transferred from state court to federal court.  Based

21  on this statutory framework, "[f]ederal district courts do not have the authority to

22  remand an action originally commenced in federal court . . . to a state tribunal . . . ."

23  E. Sav. Bank, FSB v. Estate of Kirk, 821 F. Supp. 2d 543, 545 (E.D.N.Y. 2011)

24  (quoting Schiffman v. Epstein, 2009 WL 1787760, at *5 (S.D.N.Y. June 23, 2009)).

25  "Thus, a case originally commenced by a plaintiff in federal court cannot then be

26  removed . . . from federal to state court." E. Sav. Bank, FSB at 545-46 (quoting

27  Hatheril v. Michael, 1993 WL 385754, at *1 (S.D.N.Y. Sept. 23, 1993).

28         As Plaintiffs commenced the instant action in federal court [Doc. No. 1,

1  Compl.], it is procedurally improper for the Court to remand the remaining

2  RFDCPA claim to state court.  Accordingly, the Court declines Plaintiffs' request to

3  remand, and instead **GRANTS** Defendant's motion to dismiss the RFDCPA claim

4  without prejudice.

5                                   **CONCLUSION**

6          For the reasons above, the Court **GRANTS** Defendant's motion to dismiss

7  Plaintiffs' claims without prejudice to allow Plaintiffs the opportunity to file this

8  action in state court if they choose to do so.  The Clerk is directed to close the case.

9          **IT IS SO ORDERED.**

10 **DATED:**  July 13, 2013

11                                   **IRMA E. GONZALEZ**
                                      **United States District Judge**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28